**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **4 CEMITAS, LLC,** | |
| **Plaintiff,** | Case No. 16-CV-04570 |
| **v.** | Judge |
| **RICARDO HUICOCHEA and CEMITAS Y TAQUERIA PUEBLA, INC.,** | Magistrate Judge |
| **Defendants.** | |

## COMPLAINT

COMES NOW Plaintiff 4 Cemitas, LLC and as and for its complaint against Defendants Ricardo Huicochea and Cemitas Y Taqueria Puebla, Inc., states as follows:

### NATURE OF ACTION

1.     This action is for trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a), and the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60; deceptive trade practices under 815 ILCS 505/1 *et seq.*; and unfair competition and infringement under Illinois common law. This action results from the Defendants' unauthorized use of marks and other designations confusingly similar to Plaintiff's CEMITAS and CEMITAS PUEBLA trademarks.

### THE PARTIES

2.     Plaintiff, 4 Cemitas, LLC, is an Illinois limited liability company with its principal place of business at 817 West Fulton, First Floor, Chicago, IL 60607.  Plaintiff is the owner and user of the CEMITAS and CEMITAS PUEBLA trademarks offering restaurant and catering goods and services.

3.     Defendant Cemitas Y Taqueria Puebla, Inc. is an Illinois corporation with its principal place of business at 4107 West North Avenue, Chicago, IL 60639 doing business in Illinois, including in this Judicial District and Division, under the name Cemitas Y Taqueria Puebla.

4.     Upon information and belief, Defendant Ricardo Huicochea is the sole owner of Defendant Cemitas Y Taqueria Puebla, Inc. and is a citizen and resident of the State of Illinois.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon the Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1338(b) and 1367.

6.     This Court has personal jurisdiction over Defendant Huicochea because, upon information and belief, he is a resident and citizen of the State of Illinois

7.     This Court has personal jurisdiction over Defendant Cemitas Y Taqueria Puebla, Inc. because it is an Illinois corporation with its principal place of business in Illinois.

8.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2) because Defendants are subject to personal jurisdiction in this District and therefore are residents of this District, and because a substantial part of the events giving rise to Plaintiff's claims took place in this District.

2

9.     Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in the Eastern Division.

### THE CEMITAS and CEMITAS PUEBLA MARKS

10.    Plaintiff 4 Cemitas, LLC owns CEMITAS and CEMITAS PUEBLA™, the Marks under which it offers restaurant and catering services. In 2002, the Anteliz family opened their first restaurant in Chicago's Humboldt Park neighborhood at 3619 North Avenue. Since 2005 the restaurant has been known as CEMITAS PUEBLA where the Anteliz family has offered taqueria style restaurant services, including sandwiches and other Mexican food specialties. The Anteliz family originally hales from Puebla, Mexico and focuses on fresh flavors common to the region.

11.     Now with multiple locations, the CEMITAS PUEBLA restaurants have received considerable recognition and praise since first opening.  Substantial goodwill and national reputation has accrued to the CEMITAS and CEMITAS PUEBLA Marks as a result of continuous sales, promotion, and advertising of products and services bearing the Marks over many years. Renowned for its flavorful and generous sandwiches, CEMITAS PUEBLA has received accolades and praise in the press and on TV, including being featured on The Food Network's *Diners, Drive-Ins and Dives with Guy Fieri*.

12.     Commencing at a time long prior to Defendants' adoption and use of the CEMITAS Y TAQUERIA PUEBLA Marks, the Plaintiff operated restaurants and offered related goods and services under the trade name, trademark, and service mark CEMITAS and CEMITAS PUEBLA.

3

13.     Plaintiff is the owner of an application to register CEMITAS PUEBLA on the Principal Register of the United States Patent and Trademark Office bearing Serial Number 86/882,798.

14.     In addition to its United States Trademark Application, Plaintiff owns Illinois Trademark Registration Number 106768 for CEMITAS.

15.     Plaintiff's federal Application and Illinois Trademark are evidence of the validity of its CEMITAS and CEMITAS PUEBLA Marks as well as Plaintiff's ownership and exclusive right to use the Marks in connection with restaurant and catering services and related goods and services.

16.     Defendants had constructive notice of Plaintiff's ownership of its Illinois registered rights since at least as early as 2008.

17.     Plaintiff's Internet presence and primary domain name, www.cemitaspuebla.com, has been registered since July 10, 2008 and provides information on the Plaintiff's good and services. Plaintiff also owns the www.cemitas.com domain which it registered in December of 2008. Plaintiff's use of the CEMITAS and CEMITAS PUEBLA Marks on the Internet, including social media reinforces the importance of the brand to Plaintiff and strengthens the public recognition of the Marks by the consuming public.

18.     Plaintiff uses it's Marks in advertising and marketing materials on a nationwide basis through various media, including but not limited to, newspapers, direct mail, websites, and trade magazines. Plaintiff has invested a substantial amount of time and money in advertising and promoting its goods and services under the CEMITAS and CEMITAS PUEBLA Marks.

4

19.     As a result of the substantial use of the CEMITAS and CEMITAS PUEBLA Marks and advertising and promotion of goods and services under the Marks, and through favorable consumer acceptance and recognition, the Marks are strong and recognized as the source of Plaintiff**'s** premier goods and services.  Plaintiff continues to grow and has several planned new locations.

### DEFENDANTS' WILLFUL AND INTENTIONAL INFRINGEMENT OF PLAINTIFF'S CEMITAS AND CEMITAS PUEBLA MARKS

20.     Plaintiff 4 Cemitas, LLC never authorized, licensed, or otherwise permitted Defendants to use the CEMITAS or CEMITAS PUEBLA Marks, or any confusingly similar variation thereof, in connection with restaurant and catering services.

21.     Defendants opened their restaurant CEMITAS Y TAQUERIA PUEBLA in early 2016 at 4107 West North Avenue, just a few blocks from Plaintiff's original restaurant location and well over a decade after Plaintiff first offered products and services under the CEMITAS and CEMITAS PUEBLA Marks.

22.     In the Spring of 2015, Plaintiff was forced to vacate the premises of its Humboldt Park location due to a well-publicized dispute with the landlord.  Plaintiff was quoted in numerous news media, including *The Chicago Tribune*, as vowing to return to its roots and re-open nearby.  Upon information and belief, Defendants have exploited this situation to open a competing restaurant a few blocks away with an almost identical name offering identical goods and services, all to the harm and confusion of the consuming public.

23.     Since Defendants opened their doors and began competing with Plaintiff, 4 Cemitas, LLC sought, through continued correspondence and negotiations with Defendants, to resolve this matter short of litigation.

5

**THE HARM AND DAMAGES CAUSED BY DEFENDANTS' ACTIONS**

24.     Defendants' actions were and are willful and intentional acts intended to trade on the reputation and goodwill of Plaintiff. Defendants had constructive notice of Plaintiff's ownership of the Marks dating back to 2008, and was provided affirmative notice of Plaintiff's trademark rights in January 2016.  Despite this, Defendants have continued on their intentional path of infringing upon Plaintiff's rights.

25.     Defendants' unauthorized use of the CEMITAS and CEMITAS PUEBLA Marks is likely to mislead, deceive, and confuse the purchasing public and the trade.  It is likely that as a result of that use, consumers will mistakenly believe that Defendants are connected, associated, or in some way affiliated with Plaintiff, when in fact no such connection, association, or affiliation exists.

26.     Defendants have no legitimate reason to use the CEMITAS Y TAQUERIA PUEBLA Mark, and have had time to rebrand but continue their unauthorized use.

27.     Defendants' conduct as complained of herein causes damage and irreparable injury to Plaintiff, and to its goodwill and business reputation.  As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, irreparable harm, damages, and economic injury.

28.     Plaintiff 4 Cemitas, LLC has no adequate remedy at law, and Defendants have proven that unless restrained and enjoined by the Court, the described acts will continue to cause damage and irreparable injury to Plaintiff, including damage to its goodwill and business reputation.

## COUNT I
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

29.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28, as though fully set forth herein.

30.     Defendants' acts, practices, and conduct constitute unfair competition, and false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' goods and services as originating from or being connected with Plaintiff, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff causing damage to Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     These acts have occurred in interstate and/or United States commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to 4 Cemitas, LLC, for which it has no adequate remedy at law.

32.     As a direct and proximate result of defendant's infringement, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

33.     Plaintiff has no adequate remedy at law because the CEMITAS and CEMITAS PUEBLA Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

34.    Unless enjoined by the Court, Defendants will continue to use and infringe the CEMITAS and CEMITAS PUEBLA Marks, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the CEMITAS and CEMITAS PUEBLA Marks, and to ameliorate and mitigate Plaintiff's injuries.

**COUNT II**
**TRADEMARK INFRINGEMENT –**
**ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT**
**765 ILCS 1036/60 *et seq.***

35.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 34, as though fully set forth herein.

36.    Defendants' acts, practices, and conduct constitute an infringing use in Illinois and in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the CEMITAS and CEMITAS PUEBLA Marks, and are likely to cause confusion or mistake or to deceive the public as to the sponsorship, approval, affiliation, or connection of Defendants' and Plaintiff's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' business has some connection with Plaintiff.  These acts constitute trademark infringement causing damage to Plaintiff, in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60, *et seq*.

37.    As a direct and proximate result of Defendants' infringement, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

38.    These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to 4 Cemitas, LLC for which it has no adequate remedy at law.

8

39.     Plaintiff has no adequate remedy at law because the CEMITAS PUEBLA Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

40.     Unless enjoined by the Court, Defendants will continue to use and infringe the CEMITAS PUEBLA Marks, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the CEMITAS PUEBLA Marks, and to ameliorate and mitigate Plaintiff's injuries.

**COUNT III**
**ILLINOIS DECEPTIVE TRADE PRACTICES**
**815 ILCS 510/1 *et seq.***

41.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 40, as though fully set forth herein.

42.     Defendants' unauthorized use of the CEMITAS and CEMITAS PUEBLA Marks, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, or connection of Defendants' and Plaintiff's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' business has some connection with Plaintiff.  These acts constitute deceptive trade practices in the course of Defendants' business causing damage to Plaintiff, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

43.     These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to 4 Cemitas, LLC for which it has no adequate remedy at law.

44.     Plaintiff has no adequate remedy at law because the CEMITAS and CEMITAS PUEBLA Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

45.     Unless enjoined by the Court, Defendants will continue to use and infringe the CEMITAS and CEMITAS PUEBLA Marks, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the CEMITAS and CEMITAS PUEBLA Marks, and to ameliorate and mitigate Plaintiff's injuries.

**COUNT IV**
**ILLINOIS COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

46.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 45, as though fully set forth herein.

47.     As a result of its actions complained of herein, Defendants have misappropriated the valuable property rights of Plaintiff, passed off their goods and services as those of Plaintiff, are trading on the goodwill symbolized by the Plaintiff's trademark rights as alleged herein, and those acts are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade. Said acts constitute infringement and unfair competition causing damage to Plaintiff in violation of the common law of the State of Illinois.

48. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to 4 Cemitas, LLC, for which it has no adequate remedy at law.

49. Plaintiff has no adequate remedy at law because the CEMITAS and CEMITAS PUEBLA Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

50. Unless enjoined by the Court, Defendants will continue to use and infringe the CEMITAS and CEMITAS PUEBLA Marks, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the CEMITAS and CEMITAS PUEBLA Marks, and to ameliorate and mitigate Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, 4 Cemitas LLC respectfully prays for the following relief against Defendants:

A. A preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them from:

1. Using the CEMITAS or CEMITAS PUEBLA Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the CEMITAS and CEMITAS PUEBLA Marks;

2. Otherwise infringing the CEMITAS and CEMITAS PUEBLA Marks or using any similar designation, alone or in combination with any other components;

3. Passing off any of their products or services as those of Plaintiff;

4. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Plaintiff or any of its products or services; and

5. Unfairly competing with Plaintiff, in any manner.

B.      An order pursuant to 15 U.S.C. § 1118 and 765 ILCS 1036/70 that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of Defendants, their agents, servants and employees, and those people in active concert or participation with them bearing any of the CEMITAS and CEMITAS PUEBLA Marks, and all plates, molds, and other means of making the same, if any, be delivered to Plaintiff at Defendants' cost;

C.      That Defendants be required to promptly eliminate all advertising under the CEMITAS and CEMITAS PUEBLA Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendants' cost, including closing or deleting all social media accounts;

D.      That Defendants be required to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

E.      That Defendants pay to Plaintiff such damages as Plaintiff has sustained by reason of said trademark infringement, deceptive trade practices and unfair competition pursuant to pursuant to 15 U.S.C. § 1117, 815 ILCS §510/3 and 765 ILCS 1036/70; and

F.      An award of costs and expenses, including reasonable attorneys' fees incurred by Plaintiffs in connection with this action as provided for by statute; and,

12

G.     Such other and further relief as the Court deems just and proper.


Respectfully submitted,

4 CEMITAS, LLC


Dated: April 22, 2016     By:     /s/ Alice A. Kelly
                                        Joseph V. Norvell (Reg. No. 6225747)
                                        Joseph T. Kucala, Jr. (Reg. No. 6275312)
                                        Alice A. Kelly (Reg. No. 6281897)
                                        Shyla N. Jones (Reg. No. 6309356)
                                        NORVELL IP llc
                                        357 W. Chicago Ave., Suite 200
                                        Chicago, IL  60654
                                        Telephone:   (888) 315-0732
                                        Facsimile:    (312) 268-5063
                                        courts@norvellip.com

                                        Attorneys for 4 Cemitas, LLC

13